UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YONG YANG,

    Plaintiff,

v.                                              Case No. 07-14476
                                                  Hon. Sean F. Cox

MICHAEL CHERTOFF, et al.,

    Defendants.

_____

## **ORDER**

This matter is before the Court on Defendants' Motion to dismiss, or in the alternative, to remand. The Court declines to hold oral argument pursuant to L.R. 7.1(e)(2). For the following reasons, the Court **DENIES** Defendants' Motion to dismiss and **GRANTS** Defendants' Motion to remand the action to the United States Citizenship and Immigration Services for a prompt resolution following completion of the background check.

On November 14, 2005, Plaintiff filed an Application for Naturalization with the United States Citizenship and Immigration Services ("CIS"). Plaintiff was interviewed on April 18, 2006, and passed the requisite tests. However, his Federal Bureau of Investigation ("FBI") background checks are still pending. Thus, Plaintiff's application for citizenship has not been decided.

On October 22, 2007, Plaintiff filed a Complaint requesting this Court to assume jurisdiction and issue a ruling on his naturalization application, pursuant to 8 USC §1447(b). On

December 21, 2007, Defendants filed the instant Motion to dismiss for lack of subject matter jurisdiction, or in the alternative, to remand to the CIS. Plaintiff filed a response on February 1, 2008.

The parties dispute whether the Court is allowed to exercise subject matter jurisdiction over Plaintiff's claim. The Defendants claim this Court does not have jurisdiction to hear the claim under 8 USC §1447(b):

> (b) Request for hearing before district court
> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

The Defendants claim the 120-day period begins to run from completion of the background check and the interview. They claim that because the background check is not complete, the 120-day period has not begun. The Defendants rely on *Danilov v. Aguirre*, 370 F.Supp.2d 441, 444 (E.D. Va. 2005) and similar cases. [Motion, p.17]. The *Danilov* court held that the interview is part of the *process* of examination, which includes the background check. The examination is not "conducted" until the interview, background check, and all other aspects of the examination process are completed. *Id*.

However, several cases in the Sixth Circuit and others decline to follow *Danilov*. *See Khelifa v. Chertoff,* 433 F.Supp.2d 836 (E.D. Mich. 2006); *Zhang v. Chertoff*, 2006 WL 4045600 (E.D. Mich. 2006); *Al Saidi v. Jenifer*, 2005 WL 5179147 (E.D. Mich. 2005); *see also Castracani v. Chertoff*, 377 F.Supp.2d 71 (Dist. D.C. 2005); *El-Daour v. Chertoff*, 2005 WL

2106572 (W.D. Pa. 2005); and *Essa v. United States Citizenship and Immigration Services*, 2005 WL 3440827 (D. Minn. 2005). Those cases hold that "examination" refers to the interview. "[T]he 120-day statutory decisionmaking period commences when an applicant appears in person before a Service officer as provided in the CIS regulation that governs examinations...[t]he required criminal background check is separate from this 'examination' and the 120-day period is not tolled pending its completion." *Khelifa*, 433 F.Supp.2d at 841-842.

In addition to the cases that hold the 120-day period begins to run from the date of the interview, the agency regulations also support that interpretation. CIS is only supposed to perform the initial examination, *i.e.* the interview, after completion of the FBI background check. 8 CFR §335.2. This means the background check is separate from the examination itself. The examination, under §1447(b), is not a process that includes the background check.

Further, according to 8 CFR §335.3, "[a] decision to grant or deny the application shall be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization under §335.2." This supports the interpretation that the examination refers to the interview, and within 120 days of its completion a decision is to be rendered.

Because the 120-day period for rendering a decision began to run from the date of Plaintiff's interview, and that time passed, this Court has subject matter jurisdiction over Plaintiff's claim. However, the Court agrees with *Khelifa*, that it is more prudent to allow the CIS the opportunity to determine Plaintiff's entitlement to citizenship in the first instance. 433 F.Supp.2d at 844-845. Therefore, the Court **DENIES** Defendants' Motion to dismiss and **GRANTS** Defendants' Motion to remand the action to CIS for a prompt resolution following

3

completion of the background check.

**IT IS SO ORDERED.**

Dated: February 6, 2008     s/ Sean F. Cox
　　　　　　　　　　　　　U.S. District Court Judge

---

**PROOF OF SERVICE**

The undersigned certifies that on February 6, 2008, the foregoing order was served upon counsel of record via the Court's ECF System and by U. S. Mail upon:

Yong Yang
4941 Heather Drive
C 103
Dearborn, MI 48126

　　　　　　　　　　　　　s/Jennifer Hernandez
　　　　　　　　　　　　　Case Manager to
　　　　　　　　　　　　　District Judge Sean F. Cox